KNOLL, Justice,
dissenting.
| ^though I agree with the majority opinion Judge Boothe lacked subject matter jurisdiction to reconsider the defendant’s sentence, I do not find this legal error so egregious or in bad faith as to warrant suspension without pay. Rather, because I believe his misconduct could be remedied with merely an instruction, I respectfully dissent.
At the outset, I acknowledge the allegations and circumstances of this case are very complicated and difficult to understand. However, as the record clearly shows, and as Chief Judge Thibodeaux found, the facts were not sufficient to support a finding Judge Boothe allowed his judgment to be influenced by political relationships. To the contrary, the transcript reveals Judge Boothe admitted to entertaining untimely motions for reconsideration several times, specifically four to seven times before. He considered this a procedural matter properly waivable by the district attorney. As he explained, while La.Code Crim. Proc. art. 916 divests the trial court of jurisdiction upon the entering of the order of appeal, the article allows the trial judge to take certain actions after that time, including “correcting an illegal sentence or taking other appropriate action pursuant to a properly made or filed motion to reconsider sentence.” In his view, the motion to reconsider was properly made because the untimeliness was waived by the State. Moreover, as illuminated in oral argument, this practice is well established and has been engaged in by numerous judges in the 7th Judicial District Court, namely Judge William Falkenheiner, deceased, who served the judiciary for many years 12with distinction. While this conduct is clearly legal error, it does not rise to the level of sanctionable conduct, even more so in this case where the State acquiesced in the sentence reduction. The record shows the reduction was granted to remedy what Judge Boothe perceived as an injustice against the defendant who he thought was apparently used as a pawn in the political agenda of members of the judicial system elected to protect his constitutional rights.
Though I find the long standing practice engaged in by Judge Boothe and other judges of the 7th JDC of granting untimely motions for sentence reductions legal error and needs to be stopped, I do not believe Judge Boothe’s conduct in this matter warrants sanctions. Significantly, in this regard I take particularly note of the sanction imposed on Judge Charles Elloie, then presiding judge of Section “A” of the Orleans Parish Criminal District Court. In re Elloie, 05-1499 (La.1/19/06), 921 So.2d 882. For ordering expungements and dismissals of prosecutions in two serious felony cases without notice, without convening mandatory contradictory hearings, and without making the legal and factual inquiry as to whether expungement and dismissal were authorized by law, Judge Elloie was publicly censured. Judge Boothe’s conduct in this isolated incident does not rise to the level of Judge Elloie’s misconduct and does not warrant such an excessive and harsh sanction from this Court.
Regarding all other allegations of misconduct, specifically the recusation issue and ex parte communications, I agree with Chief Judge Thibodeaux that Judge Boothe’s failure to recuse himself did not rise to the level of judicial misconduct because the degree of animosity between himself and Judge Johnson was not such that he could not be unbiased, nor were the ex parte communications intended to *1028 give the defendant a procedural or tactical advantage.
| ¡.Moreover, any claims regarding the alleged bad faith between Judge Boothe and Judge Johnson as motivation for Judge Boothe’s alleged misconduct are not worthy of this Court’s consideration. We sanction judges for actions taken or not taken in accordance with the law as proven by clear and convincing evidence and should pay no heed to petty squabbles based merely on speculation and extrapolations.
For these reasons, I respectfully dissent.